**Cash COLE et al., Appellants,**

v.

**FAIRVIEW DEVELOPMENT, Inc., et al.,**
**Appellees.**

**No. 14424.**

United States Court of Appeals
Ninth Circuit.

Sept. 29, 1955.

Rehearing Denied Dec. 7, 1955.

Warren A. Taylor, Eugene V. Miller, Fairbanks, Alaska, William H. Sanders, Bailey E. Bell, Anchorage, Alaska, for appellants.

Collins & Clasby, Walter Sczudlo, Fairbanks, Alaska, Josef Diamond, Lycette, Diamond & Sylvester, Earle Zinn & Herman Howe, Seattle, Wash., for appellees.

Before HEALY, POPE and FEE, Circuit Judges.

PER CURIAM.

This litigation was begun against appellants as a stockholders' suit. The principal defendant was appellant Cole, the others joined being more or less nominal parties. Subsequent to the commencement of the trial a written stipulation was entered into settling all claims of the parties, and a final judgment approving the settlement was entered by the trial court. Able and reputable counsel in charge of appellants' defense participated in the negotiations and in the making of the compromise. The record indicates that these counsel kept appellant Cole and his family advised of the course of the negotiations and of the result.

Some three months after entry of the judgment appellants, through oth-

**176**

er counsel employed by Cole, moved under Rule 60(b) of the Federal Rules, 28 U.S.C.A., to set aside the compromise stipulation and to vacate the judgment. Most of the grounds set out in the Rule were incorporated in the motion plus additional grounds asserting the mental incapacity of appellant Cole and the alleged confiscatory nature of the settlement. Affidavits were filed contemporaneously with and in support of the motion, and there was a countershowing by affidavits interposed on the part of appellees. Oral argument was had, the motion was taken under advisement, and was subsequently denied by the court. This appeal followed.

The original suit presented a complicated factual situation. No useful purpose would be served by discussion of the facts or the alleged merits of the appeal. Under the Rule a refusal to vacate is within the discretion of the trial court and may be reversed only for abuse of that discretion. Certainly, considering the showing pro and con here, no abuse of discretion is discernible, nor was error committed in the procedure followed. The trial court's ruling on the motion is accordingly affirmed.