Casimir SANUITA, Donald Holton and Vivien Sanuita, Appellants,

v.

Henry HEDBERG, Appellee.

No: 522.

Supreme Court of Alaska.

July 28, 1965.

648

Casimir Sanuita, Donald Holton and Vivien Sanuita, in pro. per.

Ronald G. Benkert, Groh & Benkert, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

The superior court determined that appellants had libeled appellee by publishing a defamatory statement concerning him, and entered a default judgment against appellants for damages in the sum of $2,400.

Appellants contend on this appeal: (1) that the court erred in refusing to set aside a default which had been entered against them, (2) that appellee's complaint failed to state a claim upon which relief could be granted [1], and (3) that the court erred in holding that the publication complained of was libelous per se.

Appellants' first contention is the only one we need consider, for it is dispositive of this appeal. We hold that the trial court ought to have granted appellants' motion to set aside the entry of default, and that the judgment by default was therefore improperly entered.

Appellants were served with a summons and copies of appellee's complaint on April 14, 1960. The summons required appellants to serve on appellee's counsel an answer to the complaint within 20 days after service of the summons.[2]

---

1. Appellee's complaint contained 23 separate claims, 22 of which were dismissed on the court's own motion for failure to state claims upon which relief could be granted.

2. The summons provided as follows:

SUMMONS

TO THE ABOVE-NAMED DEFEND-ANT:

You are hereby summoned and required to serve upon Gordon W. Hart-lieb of the law firm of HARTLIEB and GROH, plaintiff's attorneys, whose address is 227 Fourth Avenue—Box 2068, Anchorage, Alaska, an answer to the complaint which is herewith served upon you within Twenty (20) days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

The 20-day period expired on May 5, 1960. On May 6 appellants filed an entry of appearance and a demand for jury trial. They also sent to appellee's counsel a document which stated:

### GENERAL DENIAL

We, the defendants, generally deny all the allegations contained in this complaint.

This latter document does not appear to have been filed with the court. The exact date that it was sent to appellee's counsel is not apparent from the record, although it might be assumed from a statement made by appellee's counsel that the document was received by him shortly after appellants had filed their entry of appearance and demand for jury trial.[3]

On appellee's motion, the clerk entered a default against appellants on August 4, 1960. Four days later appellants moved to set the default aside, stating that:

1. In acting in their own defense, the Defendants were not versed on the Rules of Civil Procedure.

2. Therefore, when the Defendants filed "APPEARANCE" and "JURY DEMAND" with the court on May 5, 1960, (copies herewith attached) they believed this action was sufficient.

A notice of hearing to set aside the default was not served on appellee by appellants as required by Civil Rule 77(a).[4]

---

3. Appellee's counsel, in his memorandum in opposition to a motion to set aside appellants' default filed August 29, 1960, stated in part:

This cause was filed on April 13, 1960, in the Superior Court for the State of Alaska. On May 6, 1960, defendants filed a Demand for Jury signed by Casimir Sanuita, Donald W. Holton, Joseph M. Huston and Vivien Sanuita. On the same date they filed an appearance with the Court. Then in a letter to the plaintiff's attorney, the undersigned, wrote the document that follows:

"GENERAL DENIAL

We, the defendants, generally deny all allegations contained in this complaint."

On September 9, 1960 appellants served and filed a one-page document, signed by them, which stated simply:

### GENERAL DENIAL OF ALL ACCUSATIONS BY ALL OF THE DEFENDANTS

Approximately six months later, on March 1, 1961, appellants filed a document entitled "Answer and General Denial to Plaintiff's Complaint". In this document appellants denied generally all of the allegations of appellee's complaint and alleged affirmatively, with respect to the allegations that appellants had libeled appellee, the defenses of qualified privilege and truth.

No further action was taken in this case for the next 18 months. On November 16, 1962 appellants' motion to set aside their default was considered by the court and denied. The records show that appellee's counsel was present in court but that appellants were not.

Another four months went by with no action being taken in the case. Then on March 20, 1963 the court entered an order and notified appellee that the case would be dismissed for failure to prosecute on April 15, 1963 unless appropriate action was taken to ready the case for trial or to dispose of it before that date.

In September 1963 the court conducted a hearing on appellee's application for a default judgment. Following this hearing,

---

The foregoing was typewritten and signed in writing by Casimir Sanuita, Donald W. Holton and Vivien Sanuita. The document contained no case caption or other caption of any kind whatsoever. A check of the Court files by the plaintiff, through the undersigned, revealed that this last document had not been filed with the Court.

4. Civil Rule 77(a) provides:

*Notice.* Where there has been an adverse appearance, there shall be served with every written motion, other than one which may be heard ex parte, a notice of hearing thereon. A motion which is not accompanied by a notice of hearing shall not be placed on a motion calendar.

the court filed a memorandum decision holding that appellee had been libeled by appellants and was entitled to recover from them nominal damages.

On November 27, 1963 the court wrote to appellee's counsel advising him that since the entry of the court's memorandum decision of October 15, it had been brought to the attention of the court that notice of appellee's application for a default judgment had not been given to appellants, and that such notice was required by rule since appellants had appeared in the action.[5] The court said in part:

In view of this apparent failure to comply with the rules, which has just now been brought to the court's attention, you are advised that, unless you appear in this action within ten days from date of this letter, and show the inapplicability of Rule 55(c) (1), (2), and (3), or comply with this rule by giving notice to the defendants, the court will set aside its decision entered in this matter on the 15th day of October, 1963, and enter judgment on behalf of the defendants for failure of the plaintiff to prosecute.

On January 3, 1964 the court set aside its memorandum decision of October 15, 1963 and ordered that the matter of appellee's application for default judgment be set for another hearing upon giving proper notice to appellants. The second hearing was held on March 17 and 18, 1964. A memorandum decision of the court was filed April 15, 1964, and a default judgment against appellants was finally entered on June 4, 1964.

We have mentioned in some detail the lengthy history of this case in the court below because it bears upon the question of whether the court was correct in denying appellants' motion to set aside their default. Civil Rule 55(e) provides that "For good cause shown the court may set aside an entry of default * * *." This does not mean that if in fact good cause is shown, the court may or may not set aside the default. If the court had such discretion, there then would be no standard against which the exercise of such discretion could be tested when this court is asked to review the lower court's action.

Rule 55(e) makes sense, we believe, when it is construed to mean that the court may set aside a default only if good cause is shown, but that it may not set aside a default when there is an absence of such a showing. Under such interpretation of the rule, the trial court's discretion would be directed to the question of whether or not good cause had been shown. We would then have a standard against which we could test the propriety of the exercise of such discretionary authority when called upon to review it, as we are here. If we determine that the judge justifiably could have concluded that good cause was not shown, then we would abstain from interfering with the exercise of his judgment. On the other hand, if we are left with the definite and firm conviction on the whole record that the judge had made a mistake in concluding that there was not a showing of good cause[6], then we would find an

---

5. Civil Rule 55(c) (1) and (2) provide in part:
   (1) If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.
   (2) When application is made to the court for a default judgment, counsel shall file a memorandum of the default * * *. If the party against whom judgment by default is sought has ap-

peared in the action or proceeding, the memorandum shall also indicate whether or not the record shows that notice has been served as required by paragraph (1) of this subdivision.
Jefferson v. Spenard Builders' Supply, Inc., 366 P.2d 714, 716–717 (Alaska 1961).

6. This is the test we apply in determining whether a trial judge's findings of fact are clearly erroneous. Preferred Gen. Agency of Alaska v. Raffetto, 391 P.2d 951, 953 (Alaska 1964).

abuse of discretion and would be required to reverse and order the default set aside.[7]

We believe that good cause for setting aside the default was amply demonstrated in this case and that the judge was clearly mistaken in failing to take cognizance of it. The purpose of the Rules of Civil Procedure is to secure the just, speedy and inexpensive determination of every civil action or proceeding and to provide for the efficient operation of the state court system.[8] It is generally consistent with that purpose to provide a time limit within which a defendant must plead or otherwise defend as to a plaintiff's complaint, and to further provide for the entry of the defendant's default if that time limit is not met. But circumstances may exist where strict adherence to the requirements of the rules will not advance the rules' objectives. Such circumstances exist here. Nearly four years elapsed between the date appellants' default was entered and the date that a default judgment was entered. In this situation, the speedy determination of actions and the efficient administration of the court system is in no way promoted by insisting that appellants permanently lost their standing in court when, within a day or two after the twenty-day period for answering had expired, they clearly showed their intention to contest the merits of appellee's claim by making an appearance in court, by demanding a trial by jury of all issues of fact raised by the pleadings, and by notifying appellee's counsel in direct response to the summons served upon them that they generally denied all of the allegations contained in the complaint.[9]

From the record it appears that appellants' technical default was due to their lack of familiarity with the rules, and was not due to gross neglect or lack of good faith. Appellants have asserted a meritorious defense on the merits by denying appellee's assertions that they libeled him and by affirmatively pleading the defenses of qualified privilege and truth.[10] The extraordinary long delay between the entry of default and the entry of a default judgment, not attributable to fault on the part of appellants, negates any suggestion that setting aside the default would have prejudiced or harmed appellee in any way—except to require him to prove his case. No good reason has been advanced for precluding the trial of this case on the merits.

The purpose of the Rules of Civil Procedure is to secure not only the speedy, but also the just determination of every action or proceeding. We believe that justice would best be served by requiring the default and default judgment to be set aside so that the case may be disposed of on the merits. Good cause for setting aside the

---

7. In Alaska Truck Transp. v. Inter-Alaska Credit Serv., 397 P.2d 618, 619–620 (Alaska 1964), we stated:
   This court has held that relief from a judgment is addressed to the sound discretion of the trial court and that that court's ruling will not be disturbed except upon a showing of abuse of discretion. (Footnote omitted.)

8. Civil Rules 1 and 92 provide as follows:
   *Rule 1. Scope of Rules—Construction.*
   The procedure in the superior court and so far as applicable, in the magistrate courts, shall be governed by these rules in all actions or proceedings of a civil nature—legal, equitable or otherwise. These rules shall be construed to secure the just, speedy and inexpensive determination of every action and proceeding.
   *Rule 92. Construction of Rules.*
   These rules are designed to provide for the efficient operation of the courts of the State of Alaska. If no specific procedure is prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules, the constitution, and the common law.

9. See Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491, 493 (S.D.Tex.1961).

10. The showing of the existence of a meritorious defense is generally required in order to establish good cause for setting aside a default. Oaks v. Grocers Wholesale, Inc., 377 P.2d 1001, 1003 (Alaska 1963).

default exists; the court below was mistaken in not recognizing its existence and acting accordingly.[11]

The judgment is reversed and the case remanded for further proceedings in conformity with this opinion.

11. See Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951); General Tel. Corp. v. General Tel. Answering Serv., 277 F.2d 919, 921 (5th Cir. 1960); Davis v. Parkhill-Goodloe Co., 302 F.2d 489, 495 (5th Cir. 1962); Alopari v. O'Leary, 154 F.Supp. 78, 80–81 (E.D.Pa.1957).