Jack GUARD, Appellant,

v.

Virgil H. BENSON, d/b/a Aviation
Associates, Appellee.

No. 824.

Supreme Court of Alaska.

March 8, 1968.

Neil S. Mackay and Francis J. Nosek, Jr., Anchorage, for appellant.

Warren W. Matthews, Jr., and Theodore R. Dunn, of Boney & Pease, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

DIMOND, Justice.

On May 20, 1965 appellee brought this action against appellant in the district court for $975.70 representing labor and materials supplied for a B-25 aircraft. For failure to plead or otherwise defend the action, appellant's default was entered by the clerk of the district court on July 2, 1965. On the same day the clerk entered a default judgment against appellant for the amount demanded in the complaint, together with interest, costs and attorneys' fees, for a total sum of $1,206.44.

On September 20, 1965 appellant moved to set aside the default judgment. The motion was denied by the district court on October 8, 1965. Subsequently, on December 3, 1965, appellant moved for a reconsideration of his motion to set aside the default

judgment. The latter motion was denied on December 9, 1965, the court finding that appellant had not shown that he had failed to answer appellee's complaint because of excusable neglect, surprise, mistake or inadvertence. An appeal was taken by appellant to the superior court where the order of the district court was affirmed. Appellant then brought an appeal to this court.

Civil Rule 55(b) provides:

When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon the request of the plaintiff and upon affidavit of the amount due shall enter judgment by default for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person, and upon the proof required by Rule 73(c) (2).

Appellant claims that the default judgment must be set aside because the "affidavit of the amount due", required by the foregoing rule, was made by appellee's counsel, rather than by appellee.

Forms 98 and 99 of the illustrative forms provided by this court for use with the Rules of Civil Procedure contemplate that the required affidavit be executed by the plaintiff or by the plaintiff's attorney.[1] Civil Rule 96 provides that such

---

1. Forms 98 and 99 provide as follows:

98. *Affidavit for Default Judgment* [Civ.R. 55(a); 73(d)]
STATE OF ALASKA ⎱ ss.
———— JUDICIAL DISTRICT ⎰
————, being duly sworn, states that he is [plaintiff or attorney for plaintiff] in this action; that the amount justly due and owing plaintiff from defendant is $————, of which $———— has been paid; that defendant is not an infant or incompetent, nor in the military service of the United States; and that the default of defendant has been entered for failure to appear.
DATED: ————

[JURAT]

99. *Affidavit for Entry of Default and Default Judgment* [Civ.R. 55(a); 73(d)]
STATE OF ALASKA ⎱ ss.
———— JUDICIAL DISTRICT ⎰
————, being duly sworn, states that he is [plaintiff or attorney for plaintiff] in this action; that the complaint and summons herein were served on defendant in ————, Alaska, on ————, 19—, by ————; 1. That the time within which defendant could plead in or otherwise defend this action has expired without such action by defendant; That the default of defendant has been entered for failure to appear; that the amount justly due and owing plaintiff from defendant is $————, of which $———— has been paid; and that defendant is not an in-

forms "are sufficient under the rules * * *." [2] The clear meaning of these provisions is that it is sufficient under Civil Rule 55(b) for plaintiffs attorney to make the affidavit of the amount due.

This is not unreasonable. What must be remembered—the dominant factor—is that we are here dealing with a default. The defendant has presumably chosen not to appear and contest plaintiff's claim. There must be a procedure, not of an adversary nature because of the default, for disposing of that claim. At the same time, in the interests of justice, there must be some degree of assurance that plaintiff's claim is valid and not false or frivolous. Such assurance is obtained by requiring an affidavit of the amount due, because of common experience that due to the penalties for perjury or for other reasons relating to the solemnity of oath taking, it is not likely that one will make a false statement under oath. For this reason when a statement is made under oath it induces reliance on what is stated. Justifiable reliance may be placed not only on the plaintff's own oath but also on that of his attorney, because of the position the attorney occupies. He is an officer of the court and a person of responsibility because of his professional status. It is not likely that such a person would swear falsely. The affidavit of the amount due under Civil Rule 55(b) is sufficient if made by plaintiff's attorney.

■ The final question is whether the default itself should be set aside. Civil Rule 55(e) authorizes the court to take such action if good cause for setting aside a default is shown.[3] The district court denied appellant's motion to set aside the default judgment but did not in so many words refuse to set aside the default. We assume, however, that this was the court's intent, because it found that appellant had made no showing that he failed to answer appellee's complaint because of excusable neglect, surprise, mistake or inadvertence. Such a finding suggests that the court, in denying the motion to set aside the default judgment, decided also that appellant had not made the requisite showing of good cause to set aside the default.

The record shows that appellant was served with a summons and appellee's complaint on June 3, 1965, that the default and default judgment were entered on July 2, 1965, that a writ of execution was served on appellant on July 12, 1965, that on July 20, 1965 appellant was served with an order to appear in court in connection with a judgment debtor examination, that appellant failed to appear at the time specified in the order which was August 11, 1965, that on August 24, 1965 appellant was served with an order to appear before the district court on September 20 and show cause why he should not be held in contempt of court for failure to appear on August 11 as previously ordered, that on September 7, 1965 an Entry of Appearance was filed by appellant's attorney, and that on September 20, 1965 there was filed appellant's motion to set aside the default judgment.

---

fant or incompetent, nor in the military service of the United States.
DATED: —————

[JURAT]
### NOTES
1. State particulars of service. This single form may be used in lieu of forms 96 and 98, where either the party or the attorney can state all matter set forth.

**2.** Civil Rule 96 provides:
The forms contained in the appendix of forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate.

**3.** Civil Rule 55(e) provides:
For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The record also shows that at the hearing in the district court on appellant's motion to set aside the default judgment, appellant testified that he and his wife were operating a motel out of the city of Anchorage, that he worked at the motel about 15 hours a day, that in order to come to town it was necessary to close down his business because his wife couldn't handle everything that had to be done, that telephone service to the city of Anchorage was very poor, that he had tried unsuccessfully, after being served with the various papers in this case, to call his attorney in Anchorage, that his wife was more or less a cripple and didn't drive a car, and that the press of business was an important factor in appellant's having put the papers away and forgetting about them. From reading appellant's testimony, however, it appeared that the principal reason for his not having responded to the summons and order for examination of judgment debtor was that, in his words, "it slipped my mind". In addition, appellant admitted that he had been in Anchorage a "few times" between the date the summons was served upon him and the date that he moved to set aside the default judgment.

Based on the foregoing facts as they appear in the record, we could not say that the district court would not be justified in concluding that good cause did not exist for setting aside the default. But there was another factor to be considered. In his affidavit in support of the motion to set aside the default judgment, appellant stated:

That the affiant can state unequivocably [sic] that he does not know any individual by the name of Virgil H. Benson and that affiant never contracted for any repairs to a certain aircraft in Houston, Texas, nor does he have any ownership in what appears to be a B–25 aircraft.

Affiant further states that he does not owe the money which is purported and alleged to be owed the plaintiff in this cause of action, pursuant to Exhibit A attached to plaintiff's complaint filed herein and made a part hereof by reference.

Affiant states that he received certain documents and they were delivered to his place of business, namely the Edgewater Motel, and for the reason that he had no knowledge of any "Virgil H. Benson" or "Aviation Associates", the affiant could not understand how he could possibly be involved and thereafter gave the matter very little concern.

That in the not-too-distant past the Edgewater Motel, which is owned and operated by the affiant and his wife, sustained a serious fire and thereafter the property has been managed by the affiant and his wife and they have been working between 16 and 18 hours per day; and with the press of other matters and business, affiant was under the misapprehension that how could a man be responsible for a debt when he didn't even know who the plaintiff was and that the court would proceed and a judgment could be obtained.

The district judge apparently was bothered by what appellant said. During the hearing on appellant's motion for reconsideration of the order denying the motion to set aside the default judgment, the court stated:

Well, now, at first flush here, the Defendant's position would be fairly good defense and this is the thing that has bothered me somewhat in this proceedings. It would be a sad miscarriage of justice if, if the Defendant in true fact had nothing to do with Aviation Associates or Virgil Benson, and that there had been a mistake somewhere along the line and to not allow the Defendant his right to his defense. Now, needless to say, there's a dearth of information really on the Plaintiff's case. The affidavit which was provided (indiscernible), set out in no respect whatsoever how the Defendant was indebted to the Plaintiff outside of the Exhibit filed with the complaint and Exhibit A.—that—

a mere assertion of the Exhibit is, well, as I said, there's a dearth of real information here and it is foreseeable that a mistake could have been made. There is always that remote possibility in a situation such as this.

We are similarly bothered. Appellant has stated under oath that he does not know the appellee, that he never contracted for any repairs to an aircraft, and that he has no ownership in a B–25 aircraft—the type mentioned in appellee's invoice attached to appellee's complaint. Appellant's affidavit is not controverted by appellee. Although the court allowed appellee time to produce an affidavit setting forth the nature of the transaction alleged to have been had with appellant, no such affidavit was ever produced. All that is in the record is the unverified complaint of appellee, and the affidavit of appellee's counsel filed in support of the motion for entry of default and the default judgment, containing the bare conclusion that appellant was indebted to appellee in a certain amount.

We believe that appellant has not only shown the existence of a meritorious defense, which is generally recognized in order to establish good cause for setting aside a default,[4] but has otherwise made a showing of good cause. Appellant's affidavit suggests that the wrong person has been billed for appellee's work on a certain aircraft. If that is so, and appellee does not controvert appellant's sworn statement, then it would indeed be an injustice to saddle appellant with a debt for which he was not responsible. We can see no prejudice to appellee in requiring him to prove his case against appellant if he has one.

We believe that the district court made a mistake in concluding that there was not a showing of good cause to set aside the entry of a default, and that justice would best be served by requiring the default to be set aside so that the case may be disposed of on the merits.[5]

Civil Rule 55(e) provides not only that a default may be set aside upon a showing of good cause, but also that a default judgment may be set aside in accordance with Civil Rule 60(b). The latter rule authorizes a court to relieve a party from final judgment for designated reasons, such as mistake, inadvertence, surprise, or excusable neglect, and others, and for "any other reason justifying relief from the operation of the judgment."[6] The "any other reason" clause of the rule "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."[7] We believe it is appropriate to accomplish justice to vacate the default judgment in this case because of the possibility, as shown by appellant's affidavit which was not controverted by appellee, that appellant is being burdened with a debt for which he was in no way responsible. We believe that justice would best be served by requiring both the default and the default judgment to be set aside so that the case may be disposed of on the merits.

The judgment of the superior court affirming the judgment of the district court is reversed. The case is remanded to the superior court with directions to remand to the district court for the purpose of vacating and setting aside the default and default judgment of the district court.

4. Sanuita v. Hedberg, 404 P.2d 647, 651 n. 10 (Alaska 1965).

5. Supra note 4.

6. Civ.R. 60(b) (6).

7. Klapprott v. United States, 335 U.S. 601, 614–615, 69 S.Ct. 384, 93 L.Ed. 266, 277,

*modification of remand order*, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949), construing Rule 60(b), Federal Rules of Civil Procedure, which is the same as Alaska Civil Rule 60(b).