**M. D. MARKLAND, d/b/a Dean's Auto Glass & Body Repair Shop, Appellant,**

v.

**CITY OF FAIRBANKS, Alaska and Fairbanks North Star Borough, Appellees.**

**No. 1840.**

Supreme Court of Alaska.

Sept. 5, 1973.

Donna C. Willard, Walton & Willard, Anchorage, for appellant.

Francis van T. Kernan, City Atty., Fairbanks, for appellees.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

FITZGERALD, Justice.

The single issue in this case is whether the trial court erred in failing to grant a Civil Rule 60(b) motion to set aside a default judgment which was entered against appellant.

On September 17, 1971, the appellees, City of Fairbanks and the North Star Borough, filed a complaint in superior court against appellant, M. D. Markland doing business as Dean's Auto Glass and Body Repair Shop, for non-payment of sales taxes. The complaint and summons were personally served upon appellant, who failed to answer. On December 20, 1971, a default was entered against him, and judgment was entered in appellees' favor on January 17, 1972. Almost eight months later, on September 5, 1972, appellant moved under Alaska R.Civ.P. 60(b) to vacate the judgment. In the meantime certain of appellant's property had been attached in aid of execution on the judgment.

Appellant in his showing in support of his Rule 60(b) motion alleged that he had a meritorious defense to appellees' claims for relief. He also undertook to show that the default and default judgment resulted from his mistaken assumption that he was named in the complaint as a defendant only because he was president of the corporation owing the sales tax monies. Appellees opposed appellant's motion to set aside the default by offering affidavits tending to establish that the appellant was personally liable for the taxes and that the corporation existed on paper only. After oral argument, the trial court denied appellant's motion and this appeal followed.

The trial judge in this case felt appellant had advanced no valid excuse for his delay of nearly eight months in moving to vacate the judgment. Even accepting appellant's claim that he made an honest mistake in assuming that he was named as a defendant only in his corporate capacity, no explanation was given for appellant's failure to act to vacate the judgment between May 1972 and September 1972. Appellant stated in an affidavit that he had discovered his mistake after speaking with his attorney in May 1972. The trial judge observed that appellant during this period was apparently attempting to transfer property in order to achieve a change of position, raising questions as to appellant's good faith and possible establishment of intervening rights. Appellant under the facts of this case failed to show excusable neglect.

There was also evidence in the record to warrant a finding that appellant failed to establish a meritorious defense to

the claim for sales tax revenues. Appellant, in his affidavit filed October 12, 1972, disclosed that he undertook the business known as Dean's Auto Glass and Body Repair Shop in October of 1967 as a sole proprietorship. In April of 1969, he transferred the assets of the proprietorship to a corporation, and it is because of this that he claims to have a meritorious defense against the tax claims of the appellees. However, according to the affidavit of Angelo J. Stroffolino, who was the shop foreman of Dean's Auto Glass and Body Repair Shop from February, 1969, until December, 1971, business was not carried on in the corporate name and he never saw any advertising or paperwork to that effect during that entire period of time. Willy R. Toomer, who performed the daily bookkeeping from May of 1970 through 1971, stated in his affidavit that appellant at no time dealt with the public in the corporate name and commonly used the business account to pay his personal obligations.

This case is distinguishable·from Guard v. Benson[1] which appellant relies upon in this appeal. Within three months after the entry of default, the appellant in *Guard* moved to set it aside under Civil Rule 55(e). He submitted an uncontroverted affidavit to the effect that he was not acquainted with the party making the claim against him and that he had never owned or ordered repairs to a B–25 aircraft, which was the subject of the claim. The default judgment itself had been based upon an unverified complaint and an affidavit of appellee's counsel which contained the bare conclusion that appellant was indebted to appellee in a certain amount. We noted that there was an uncontroverted and potentially meritorious defense and that Civil Rule 60(b)(6) was applicable "because of the possibility . . . that [Guard] is being burdened with a debt for which he is in no way responsible."[2]

1. 438 P.2d 219 (Alaska 1968).

2. *Id.* at 223.

3. The transcript indicates that the trial judge in the course of his oral ruling discussed a puzzling and erroneous legal theory whereby the motion to vacate was interpreted as "a

 The grant or denial of relief under Civil Rule 60(b) is a matter involving the sound discretion of the trial court. A determination made by that court under the rule will not be disturbed on appeal except for abuse of discretion. Smith v. Kincaid, 249 F.2d 243, 245 (6th Cir. 1957); Cole v. Fairview Development, Inc., 226 F.2d 175, 176, 15 Alaska 664 (9th Cir. 1955); Gravel v. Alaskan Village, Inc., 423 P.2d 273, 277 (Alaska 1967); Alaska Truck Transport, Inc. v. Inter-Alaska Credit Service, Inc., 397 P.2d 618, 619–620 (Alaska 1964). A party who moves to vacate a default judgment under Civil Rule 60(b) has the burden of establishing his entitlement to relief under that rule. In considering appellant's motion, the trial court properly looked to all the relevant facts and circumstances.[3]

We conclude that appellant has failed to establish abuse of discretion in the trial court's denial of his Rule 60(b) motion on the facts of this case. The trial court's denial of the motion is accordingly affirmed.

confession of an avoidance", such that the defendant was estopped for failure to raise the issue as an affirmative defense. However, a broad reading of the record and transcript indicates that the trial court applied correct legal principles in its consideration of the facts and decision on the motion.