**Homer MIRACLE, Appellant,**

v.

**Thomas A. THOMPSON and Mary Ann Thompson, Appellees.**

**No. 3559.**

Supreme Court of Alaska.

July 28, 1978.

---

Ty R. Settles, Anchorage, for appellant.

Margie MacNeille, Alaska Legal Services Corp., Anchorage, for appellees.

OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE, and MATTHEWS, Justices.

CONNOR, Justice.

This is an appeal from an order denying appellant's motion to set aside a default judgment. We affirm.

On April 22, 1976, Thomas and Mary Ann Thompson filed a verified complaint in superior court against their landlord, Homer Miracle. The complaint alleged that Miracle had disconnected the Thompsons' electricity, assaulted and threatened Mary Ann Thompson, committed trespass, breached his statutory duties as a landlord, and violated an oral contract. The Thompsons also moved for a temporary restraining order to enjoin Miracle from interfering with the Thompsons' electrical service. A temporary restraining order was issued that afternoon, following a hearing at which Miracle failed to appear. After being served with the temporary restraining order, Miracle continued to interfere with the electric and water service to the house occupied by the Thompsons.

The Thompsons returned to court the next day, and the superior court by written order directed Miracle to cease his interference with the Thompsons' efforts to reconnect water and electrical services to the house. The court also ordered Miracle to show cause why he should not be held in contempt for violating the temporary restraining order. Miracle did not respond.

On April 27, the date on which the temporary restraining order expired, the Thompsons moved for an extension of the order until a hearing could be held on their motion for a preliminary injunction.[1] In the meantime, the Building Safety Division of the Public Works Department inspected the property in question. On April 28, the building was condemned, and the Thompsons were required to vacate the premises on 48 hours' notice.

On May 11, the Thompsons' attorney wrote to Miracle's lawyer to inform him of plaintiffs' intention to file an amended complaint. As the deadline for filing an answer to the original complaint was near, the letter requested that Miracle's attorney delay the answer until the amended complaint was filed. A verified amended complaint was filed on August 24, 1976. Miracle never filed an answer.

Two months after the amended complaint was filed, the Thompsons' lawyer wrote to Miracle's attorney to warn him that the Thompsons intended to move for an entry of default. A default was subsequently entered on December 7, 1976. On March 15, 1977, an application for default judgment was filed and an entry of default judgment was signed by the superior court on April 4. A writ of execution on the judgment was filed on May 18, 1977. The record reflects that copies of these documents were mailed to the attorneys of record.

On May 31, 1977, Miracle filed a motion to set aside the default judgment pursuant

1. The record does not contain a transcript of that hearing, but the Thompsons allege that Miracle was represented by counsel at that hearing. Miracle's counsel in this appeal did not represent him in the superior court prior to the entry of judgment.

to Rule 55(e), Alaska R.Civ.P.[2] Miracle's affidavit supporting his motion stated merely that he was the defendant in the original action and that he had retained an attorney to represent him; that his attorney had spoken to plaintiffs' counsel and that Miracle "assumed the matter was being handled;" and that plaintiffs were not entitled to any monetary judgment. The rest of Miracle's affidavit consisted of assertions of fact and defenses to plaintiffs' complaint which he might have raised had he filed an answer.

The superior court denied the motion to set aside the default judgment. This appeal followed.

■■■ The grounds upon which a default judgment may be set aside are found in Rule 60(b), Alaska R.Civ.P.[3] The party moving to set aside a default judgment has the burden of establishing that he is entitled to relief. *Markland v. City of Fairbanks,* 513 P.2d 658 (Alaska 1973). As we observed in *Allen v. Bussell,* 558 P.2d 496, 502 (Alaska 1976), Rule 60(b)(6), the only provision of this rule arguably applicable to Miracle's motion, is

"not intended to be used as a substitute for proper litigation of a case. If [the defendant] had wanted to contest the va-

lidity of the judgment which was entered on behalf of [the plaintiff], he should not have permitted a default to have been entered against him, or should have seasonably attempted to reopen the default subsequent to its entry." (footnote omitted)

Miracle's affidavit in support of his motion to set aside the default judgment did not aver any of the specific grounds for relief provided by Civil Rule 60(b). Neither are we persuaded by the cases cited by appellant in support of his contention that failure to set aside the default judgment will result in a miscarriage of justice.

In *Hill v. Vetter,* 525 P.2d 529 (Alaska 1974), an attorney misread a notice of trial date and failed to appear for trial. The trial proceeded without him and a $150,000 judgment against the defendant resulted. We held that under the circumstances, a sanction other than entry of a $150,000 judgment would be more appropriate, and set aside the default judgment. 525 P.2d at 531. The instant case involves a judgment of $3,294.00, and there is no allegation that a good faith mistake in reading the pleadings is solely responsible for the entry of judgment against Miracle.

**2.** Rule 55(e) reads:

"*Setting Aside Default.* For good cause the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

**3.** Civil Rule 60 provides in pertinent part as follows:

"*(b) Mistakes — Inadvertence — Excusable Neglect—Newly Discovered Evidence—Fraud—Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not personally served, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis and audita querela are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

In *Guard v. Benson,* 438 P.2d 219 (Alaska 1968), the defendant moved to set aside the judgment on the basis of a sworn, uncontroverted affidavit to the effect that he did not know the party making the claim against him and that he had never owned or ordered repairs to the aircraft which was the subject of the plaintiff's claim. The default judgment in *Guard* had based on an unverified complaint and on an affidavit of plaintiff's counsel which contained the bare conclusion that defendant owed a sum of money to the plaintiff. We applied Civil Rule 60(b)(6) [4] and concluded that "justice would best be served by requiring both the default and the default judgment to be set aside . . ." because, under the circumstances of that case, there was a substantial likelihood that plaintiffs had sued the wrong party. 438 P.2d at 223.

The case at bar is clearly distinguishable from *Guard.* Miracle had adequate notice that he and his property were involved in litigation. He knew the plaintiffs and was aware of a problem existing between them and himself. The record before us refutes any assertion that Miracle's defenses are uncontroverted.

 Whether a default judgment will be set aside is a matter within the sound discretion of the trial court. An order denying relief will not be overturned absent a showing that the trial court has abused its discretion.[5] Finding no abuse of discretion in the instant case, we affirm the trial court's order.

AFFIRMED.

---

**4.** The text of Civil Rule 60(b)(6) is set out in footnote 3, *supra.*

**5.** *E. g., Hill v. Vetter,* 525 P.2d 529, 530 n.7 (Alaska 1974); *Markland v. City of Fairbanks,* 513 P.2d 658, 660 (Alaska 1973); *Alaska Placer Company v. Lee,* 502 P.2d 128, 132 (Alaska 1972); *Nordin Construction Company v. City of Nome,* 489 P.2d at 455, 472 (Alaska 1971).