Donald W. PIERCE, Appellant,

v.

Roxanne PIERCE, Appellee.

No. S–7469.

Supreme Court of Alaska.

Dec. 5, 1997.

Margaret A. Hein Oldham, Anchorage, for Appellant.

Allison E. Mendel, Mendel & Huntington, Anchorage, for Appellee.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH, FABE and BRYNER, JJ.

*OPINION*

FABE, Justice.

I. *INTRODUCTION*

After the successful conclusion of settlement negotiations in a divorce case, the attorney for Donald Pierce agreed to prepare

the final documents. When completing the child custody and support order, Donald's attorney added a new term that had not been agreed upon by the parties during their negotiations.[1] The superior court then signed the order. Roxanne Pierce filed a motion for relief from judgment asking the court to delete the term from the final agreement to accurately reflect the settlement agreement of the parties. The superior court granted Roxanne's motion. We affirm.

## II. FACTS AND PROCEEDINGS

Donald and Roxanne Pierce were divorced in April 1995. On March 9, 1995, the parties participated in a settlement conference before Superior Court Judge John Reese during which they reached agreement on all issues of child custody, child support, and property division.

As part of the settlement, the parties agreed to joint legal custody of their two minor children. Roxanne was given primary physical custody of the children, and the parties agreed that the children would visit Donald for a minimum of eight weeks every summer, two weeks every other Christmas vacation, and two weeks at spring break.

Alaska Rule of Civil Procedure 90.3(a)(3) provides:

> The court *may allow* the obligor parent to reduce child support payments up to 50% for any period in which that parent has extended visitation of over 27 consecutive days. The order must specify the amount of the reduction which is allowable if the extended visitation is exercised.

(Emphasis added.) During the settlement negotiations the parties did not discuss giving Donald a child support credit during times of extended visitation exceeding twenty-seven days, such as the summer visit, pursuant to Civil Rule 90.3(a)(3). A provision for such a credit was not included in the final settlement.

After the settlement conference, Donald's counsel was to draft findings of fact and conclusions of law, as well as a child custody

and support order memorializing the March 9, 1995, settlement agreement. In doing so, Donald's counsel inserted a provision in the DR–300 form child custody and support order that was not agreed to in the settlement: a fifty percent child support credit for times of extended visitation pursuant to Rule 90.3(a)(3). Donald admits that his counsel inserted this new provision into the form order knowing that it had not been agreed to as part of the settlement. Donald's attorney then forwarded the documents to Roxanne's counsel for review without highlighting or otherwise calling attention to the changed term.

Roxanne's counsel reviewed and approved the final documents before they were submitted to the superior court. She apparently overlooked the addition of the fifty percent extended visitation credit to the DR–300. The superior court signed the final documents on April 25, 1995. Roxanne's counsel later discovered the insertion of the additional provision and filed a motion for relief from judgment asking the court to vacate the child custody and support order and issue an amended order accurately describing the child support arrangement agreed upon at the settlement conference. Roxanne based her motion on Civil Rule 60(a), which provides in relevant part:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Donald opposed Roxanne's motion for relief from judgment, arguing that he should be entitled to the child support credit. Judge Reese found that "[t]he settlement agreement does not include the provision for child support reduction during extended visitation." He thus concluded that Roxanne's "inadvertent signing of the DR[–]300 form should not be binding." Judge Reese granted Roxanne's motion and issued an amended DR–300 without the provision for a child

---

1. Donald's attorney on appeal was not the attorney who prepared the documents in the trial court.

support credit during times of extended visitation. Donald appeals this decision.

## III.  *DISCUSSION*

### A.  *Standard of Review*

■ The standard of review for a decision on a motion for relief from judgment is abuse of discretion. *See Babinec v. Yabuki,* 799 P.2d 1325, 1332 (Alaska 1990). In *Gravel v. Alaskan Village, Inc.,* 423 P.2d 273 (Alaska 1967), this court held that

> [t]he granting of relief from a judgment is addressed to the sound discretion of the trial court. That court's ruling will not be disturbed except upon a showing of an abuse of discretion, which would be the case only if we were left with the definite and firm conviction on the whole record that the judge had made a mistake....

*Id.* at 277 (footnotes omitted).

### B.  *Did the Superior Court Abuse Its Discretion in Granting Roxanne's Motion Pursuant to Civil Rule 60?*

■ Roxanne requested that the superior court amend the child custody and support order pursuant to Rule 60(a), reasoning that her counsel had made a clerical error in overlooking the newly inserted settlement term. The trial court granted her motion for relief from judgment without specifying the provision of the rule upon which it relied. We conclude that the superior court's authority to vacate the child custody and support order is found in Civil Rule 60(b)(3), which provides relief from judgment for "fraud ..., misrepresentation, *or other misconduct of an adverse party.*" (Emphasis added.)

■ We may affirm the superior court's decision on any basis appearing in the record. *See Far North Sanitation, Inc. v. Alaska Public Utilities Comm'n,* 825 P.2d 867, 869 n. 2 (Alaska 1992). Even if a party has not raised a party's misconduct as a basis to set aside a judgment on appeal, the court may set aside a judgment for this reason *sua sponte* to protect the integrity of the judicial process. *See Higgins v. Municipality of Anchorage,* 810 P.2d 149, 154 (Alaska 1991).

Donald admits that his counsel inserted a child support credit in the DR–300 knowing that the parties had not agreed to such a credit during negotiations. He also does not dispute that his counsel failed to call this new provision to the attention of Roxanne's counsel or the court. Donald contends that his attorney simply inserted a credit to which he was already entitled under Civil Rule 90.3, and that Roxanne accepted that new term when her counsel signed the agreement. However, Civil Rule 90.3(a)(3) leaves to the court's discretion whether an obligor is entitled to the child support credit and the actual amount of the credit, if one is given. The obligor is not automatically entitled to the credit. It must be negotiated for as part of a divorce settlement.

Judge Reese ordered Donald's counsel to draft the settlement agreement and DR–300 as already negotiated and approved by the court. Insertion of a new term without informing Roxanne or the court amounts to an attempt to gain a concession that was not bargained for. Insertion of the credit in the DR–300 was neither an honest mistake nor a legitimate extension of negotiations, as the settlement was already complete when Donald added the new term. If Donald wished to add to the agreement a new term that had not previously been negotiated, his counsel had the obligation to bring the requested change to the attention of Roxanne's attorney. This Donald's counsel failed to do. Rule 60(b)(3) gives the court the authority to remedy such misconduct by a party or an attorney. In fact, the court has a duty to rectify such a wrong to protect the integrity of the judicial process. We conclude that Judge Reese was correct in amending the agreement to reflect the actual agreement between the parties.

### C.  *Did the Trial Court Err in Removing the Extended Visitation Credit from the DR–300?*

#### 1.  *Failure to Raise the Issue Below Bars Donald's Claim.*

■ As a general rule, an issue that was not raised in the trial court will not be considered on appeal. *See Padgett v. Theus,* 484 P.2d 697, 700 (Alaska 1971). This court has made exceptions to the rule when the issue is

"not dependent on any new or controverted facts" and "is closely related to [the] trial court theory and could have been gleaned from [the] pleadings." *O'Neill Investigations v. Illinois Employers Ins.,* 636 P.2d 1170, 1175 n. 7 (Alaska 1981).

■ Donald did not raise the issue of a child support credit for extended visitation during the parties' settlement negotiations, nor did he file a motion for such a credit before the superior court. To address the issue of the appropriateness of the credit for the first time on appeal would prejudice Roxanne since she did not have the chance to present evidence or counter arguments on this issue below. Furthermore, resolution of the issue could require the consideration of new and controverted facts, such as the expenses Donald will incur while his children are visiting during the summer. Therefore, Donald is barred from raising the issue of his entitlement to a credit for the first time on appeal.

> 2. *The Superior Court Was Not Required To Consider Whether a Credit under Rule 90.3(a)(3) Was Appropriate When the Issue Was Not Raised by the Parties.*

■ Donald also contends that the superior court had an independent obligation to consider the appropriateness of a child support credit during times of extended visitation even if this issue was not raised by a party. He claims that the court failed to fulfill this obligation. Donald relies on the following language from *Renfro v. Renfro,* 848 P.2d 830, 832 (Alaska 1993):

> Although affording a credit under Rule 90.3(a)(3) is a discretionary decision, that fact does not relieve the superior court of

its obligation to *consider* whether or not to grant a credit.

He contends that because the superior court did not make findings demonstrating that it had considered the issue, this court should remand the issue to the superior court so that it may decide whether such a credit is appropriate.

However, in *Renfro,* the obligor parent raised the issue of the credit for extended visitation before the trial court, arguing the entitlement to such a credit. We held that the trial court must consider "any provision of Rule 90.3 *whose application is urged by a party* where a sufficient factual predicate is established." *Renfro,* 848 P.2d at 832 (emphasis added). Certainly the trial court does not have an independent obligation to consider the appropriateness of a child support credit during times of extended visitation if the credit is not requested by one of the parties.

## IV. CONCLUSION

We AFFIRM the superior court's order granting Roxanne's motion for relief from judgment and amending the DR–300 to conform to the original settlement agreement of the parties. Furthermore, we hold that Donald is barred from raising his entitlement to the credit for the first time on appeal and that the trial court had no independent duty to consider the issue.