*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| In the Matter of a Petition for Approval of a Minor Settlement ) ) | Supreme Court No. S-15492 |
| ) | |
| T.V. ) | Superior Court No. 3AN-13-00171 PR |
| ) | |
| ) | O P I N I O N |
| ) | |
| ) | No. 7089 – March 18, 2016 |
| _____ ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Patrick J. McKay, Judge.

Appearances: Jack Vinson, pro se, Anchorage, Appellant.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

STOWERS, Justice.

## I.     INTRODUCTION

T.V., a minor, was struck by a car in 2012. T.V.'s father, Jack Vinson, hired counsel and petitioned the superior court on T.V.'s behalf for approval of insurance settlements related to that accident. Jack advised the court that the funds from the settlements would be placed in a special needs trust administered by the Foundation of the Arc of Anchorage for T.V.'s care. The superior court approved the settlements on the recommendation of a magistrate judge.

Slightly more than one year after the approval of the petition, Jack filed a motion requesting that the settlement funds be removed from the trust and returned to

him. The magistrate judge overseeing the matter recommended that the superior court deny the motion because the trust was not a party to the minor settlement proceeding, but the court did not rule on the magistrate judge's recommendation. Jack appealed directly to this court, but we remanded to the superior court to review and rule on the magistrate judge's order. A second magistrate judge conducted a hearing and made another recommendation to deny Jack's motion. The superior court approved the denial, and we now review the superior court's order.

We AFFIRM the superior court's denial of Jack's motion to remove the settlement funds from the trust and return them to him.

## II.    FACTS & PROCEEDINGS

In July 2012 T.V., a minor, was hit by a car and was left paralyzed from the chest down. In January 2013 Jack, represented by attorney Charlie Coe, petitioned the superior court for approval of insurance settlements related to the accident. The petition was assigned to Magistrate Judge John Duggan, acting as probate master, and Superior Court Judge Patrick J. McKay.

Magistrate Judge Duggan held a hearing on the petition in February 2013. At the hearing Coe described the settlements and informed Magistrate Judge Duggan that the proceeds from the settlements would be placed in a special needs trust for T.V.'s benefit. Coe explained that the special needs trust would ensure that the money could be used for T.V.'s benefit while allowing him to maintain his eligibility for Medicaid and other public benefits programs.[1]

---

[1]    The terms of the trust help the beneficiary remain eligible for government assistance, particularly Medicaid, while allowing him to benefit from other funds he may have available. Funds placed in this type of trust are not counted when determining eligibility for certain public assistance programs. 7 Alaska Administrative Code (AAC) 100.606(a)-(b) (2015).

Coe later filed documents indicating that the settlement proceeds would be deposited with the Arc of Anchorage's pooled trust, Arctrust II.[2] Arctrust II's purpose is to "promote the Beneficiaries' comfort and happiness, by using the trust property to provide and serve the interests of the Beneficiaries." It is not intended to provide "basic maintenance, support, medical, dental and therapeutic care, or any other appropriate care or service that may be paid for or provided by other sources."

Magistrate Judge Duggan recommended that the superior court approve the petition regarding the settlements, and the superior court did so in mid-February 2013.

Jack apparently became displeased with the Arc's care and management of T.V.'s settlement money. In late February 2014, Jack, proceeding pro se, filed a motion in the probate case requesting that the "A[rc] return all fund[s] with int[erest] to Jack Vinson . . . because the A[rc] has not been in touch or would not give out [T.V.'s] funds when requested." Jack alleged that "[f]amily att[orney] Charlie Coe is on the Board of the A[rc] [and] [we] believed in att[orney] Coe [and] A[rc]. But when funds were requested [they were] declined."

Magistrate Judge Duggan, acting as probate master, recommended that the superior court deny the motion on March 4, 2014, noting, "A[rc] is not a party to minor settlement proceeding. Funds were to be deposited in Special Needs Trust as authorized." The superior court did not rule on the magistrate judge's recommendation. Jack appealed directly to this court on March 21, 2014. We remanded the issue to the

---

        **2**        This opinion refers to the Arc of Anchorage, the Foundation of the Arc of Anchorage, and Arctrust II collectively as "the Arc" throughout. Coe disclosed on the record that he was the president of the Foundation of the Arc of Anchorage, which is the Arctrust II's trustee. Coe stated he would not vote on any matters related to disbursements for T.V., a practice he had established in past cases.

superior court to review and rule on the magistrate judge's recommendation.[3] We retained jurisdiction to review the superior court's order.[4]

At the request of the superior court, Magistrate Judge James Stanley held a hearing to take additional evidence relating to Magistrate Judge Duggan's March 4, 2014 recommendation. During this hearing an Arc representative stated that the Arc had no record that Jack ever asked the trust to purchase anything using trust funds. Jack indicated that his requests for funds were verbal, which the Arc representative noted was not a sufficient way to request funds from the trust. The representative also stated that the Arc was willing to work with Jack to remedy his concerns or to help him transfer the funds to a different trust. At the conclusion of the hearing Magistrate Judge Stanley determined that "[t]he March 4, 2014 order represents a correct legal decision and should stand. A[rc] is not a party to this minor settlement case. . . . Refund of monies now held in trust for the benefit of [T.V.] could have unintended adverse consequences." Magistrate Judge Stanley recommended the superior court deny Jack's motion. The superior court adopted Magistrate Judge Stanley's recommendation and denied the motion. Jack was provided the opportunity to file a supplemental brief with this court, but he did not do so. We now consider Jack's appeal.

## III. STANDARD OF REVIEW

"We may affirm the superior court's decision on any basis appearing in the record."[5] "We review questions regarding personal and subject matter jurisdiction

---

[3]     *In the Matter of T.V.*, No. S-15492 (Alaska Supreme Court Order, May 5, 2015).

[4]     *Id*.

[5]     *Pierce v. Pierce*, 949 P.2d 498, 500 (Alaska 1997) (citing *Far North Sanitation, Inc. v. Alaska Pub. Utils. Comm'n*, 825 P.2d 867, 869 n.2 (Alaska 1992)).

de novo because 'jurisdictional issues are questions of law subject to this court's independent judgment.' "[6]

## IV. DISCUSSION

Jack's precise claims are unclear. His underlying motion to the superior court sought to have the Arc provide the settlement money to him with interest. But Jack's notice of appeal states that he is appealing the order approving the petition for minor settlement, which was issued on February 19, 2013. He claims that "[t]he Superior Court's decision was wrong . . . [b]ecause the Court [and] [T.V.] [and] family were mislead [sic]. 18 months later still no help for [T.V.]. No money — No trust — No A[rc]."

If we read Jack's motion literally, his motion is one for relief from judgment under Alaska Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) applies when relief from judgment is justified because of "mistake, inadvertence, surprise or excusable neglect." Jack alleges that he "[b]elieved that [his] lawyer Charles Coe (AKA President of the A[rc]) would make sure that [his] son [T.V.] would get the best care . . . . But instead [Coe and the Arc] treated [T.V.] [and his] family like nothing." Jack claims that he was misled by his attorney regarding the services the Arc would provide and how the settlement money would be used. But Jack did not bring his motion in a timely fashion. The clerk's certificate of service on the February 15, 2013 order that is the subject of Jack's motion states it was distributed on February 19, 2013. Jack filed his motion on February 27, 2014. Under Civil Rule 60(b), a motion for relief from judgment under subsection (b)(1) must be brought within one year of the distribution date of the order

---

[6] *In re Estate of Fields*, 219 P.3d 995, 1003 (Alaska 2009) (alteration omitted) (quoting *S.B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 61 P.3d 6, 10 (Alaska 2002)).

that is the subject of the motion. Therefore, the motion was not timely and, because it was not timely, we typically would not consider it.

However, "[w]e consider pro se pleadings liberally."[7] Reading Jack's pleadings liberally, we conclude that he is appealing the order denying his motion that the funds be returned to him. Thus, the question Jack presents is whether the superior court properly denied his motion. We conclude that the superior court did not err in denying Jack's motion to remove the settlement funds from the trust and return them to him.

Jack's underlying motion was an attempt to state a claim against the Arc, and his requested relief was the return of the settlement proceeds. However, the Arc was not a party to the original proceedings. We have held that "[s]ervice of process is a preliminary requirement to a court obtaining personal jurisdiction over a party."[8] Furthermore, Alaska courts have subject matter jurisdiction over a person or entity "served in an action according to the rules of civil procedure."[9] Alaska Civil Rule 4 discusses the requirements of service of process and requires the service of a summons and a complaint. In this case, Jack served the Arc with a copy of his motion, but this was not a complaint against the Arc and no summons accompanied it. Although "[t]he voluntary appearance of the defendant is equivalent to personal service of a copy of the summons and complaint upon the defendant,"[10] the Arc has never entered an appearance

---

[7] *Briggs v. City of Palmer*, 333 P.3d 746, 747 (Alaska 2014) (quoting *Toliver v. Alaska State Comm'n for Human Rights*, 279 P.3d 619, 622 (Alaska 2012)).

[8] *Beam v. Adams*, 749 P.2d 366, 367 (Alaska 1988).

[9] AS 09.05.015(a).

[10] AS 09.05.010.

in this action; in the hearing before Magistrate Judge Stanley, the Arc representative participated as a witness only.

Because the gravamen of Jack's motion was a claim against the Arc of Anchorage and because the Arc of Anchorage was not a party to the minor's probate case, the superior court did not have jurisdiction over the Arc and correctly denied Jack's motion.[11]

## V. CONCLUSION

We AFFIRM the superior court's denial of Jack's motion requesting that the Arc return the trust funds to him.

---

[11] We note that the proper course of action for Jack to take to obtain the remedy he seeks is to file a new trust proceeding and ask the probate court to modify or terminate the existing trust or to remove the trustee. *See* AS 13.36.035-.060; c*f.* AS 13.36.345 (regarding modification or termination of irrevocable trusts due to unanticipated circumstances); AS 13.36.360 (regarding modification or termination by consent); AS 13.36.076 (regarding removal of trustee).