NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

FRED W. TRIEM, )
) Supreme Court No. S-17767
Appellant, )
) Superior Court No. 1PE-90-00072 CI
v. )
) <u>MEMORANDUM OPINION</u>
KAKE TRIBAL CORPORATION and ) <u>AND JUDGMENT</u>*
ARLENE HANSON, ET AL., )
) No. 2005 – January 17, 2024
Appellees. )
)

Appeal from the Superior Court of the State of Alaska, First Judicial District, Petersburg, Daniel Schally, Judge.

Appearances:  Fred W. Triem, Petersburg, for Appellants. Michael P. Heiser, Ketchikan, for Appellee Arlene Hanson. Robert J. Misulich and Zachary T. Berne, Schwabe, Williamson & Wyatt, P.C., Anchorage, for Appellee Kake Tribal Corporation.

Before:  Winfree, Chief Justice, and Maassen, Borghesan, and Henderson, Justices. [Carney, Justice, not participating.]

# I.    INTRODUCTION

This 32-year-old shareholder class action involves a village corporation formed pursuant to the Alaska Native Claims Settlement Act.  After the corporation developed a financial plan distributing certain benefits to certain shareholders, several

---

*        Entered under Alaska Appellate Rule 214.

ineligible shareholders brought a class action alleging discriminatory payments. The trial court found for the class and after appeal awarded a substantial judgment.

Over time, shareholder opinions changed regarding the corporation's judgment debt to the class. The corporation underwent bankruptcy and lost business opportunities while carrying the judgment debt. Recently, the class voted to release the debt and to appoint a new representative. The class moved the court to approve these votes. The court interpreted the motion as a request for relief under Alaska Civil Rule 60(b)(5) and granted it. Concurrently, a class member and former class counsel moved to enforce the original judgment, and the court denied that motion.

The class member and former class counsel appealed, arguing among other things that the superior court lacked subject matter jurisdiction, that the court abused its discretion in granting the relief requested by the class, and that the court erred in awarding sanctions. We disposed of most issues in a prior order, but requested supplemental briefing regarding whether Alaska Civil Rule 23's requirements of class action settlements applied to the class's request for release of its judgment, and if so, whether the superior court's consideration of the class's request satisfied the Rule. We assume without deciding that Rule 23 applied, and we conclude that the superior court's treatment of the class's motion to release its judgment satisfied the Rule.

## II.    FACTS AND PROCEEDINGS

We detailed many of the underlying facts of this matter in *Hanson v. Kake Tribal Corp.*[1] Here we set forth only the abbreviated facts and proceedings relevant to the issues remaining before us.

---

[1]    939 P.2d 1320, 1322-24 (Alaska 1997).

### A. Origins

In August 1990 a group of Kake Tribal Corporation (KTC) shareholders sued KTC.[2] The group of shareholders, which eventually became the Hanson Class, challenged their ineligibility for KTC's elders' benefits programs due to having insufficient shares.[3] Class representatives included original named plaintiffs Arlene Hanson and Clifford Tagaban, and class counsel was Fred Triem.[4]

In 1993 the superior court granted summary judgment for the Hanson Class as a matter of law, holding that KTC's eligibility requirements for its elders' benefits program amounted to shareholder discrimination.[5] The court structured a remedy for discriminated-against shareholders on a per-share basis (and excluding any shareholders who had actually participated in the benefits plan) with a total cost to KTC of $1,996,000, or $47.30 per participating share.[6]

We affirmed KTC's liability to the Hanson Class in 1997.[7] Then, the superior court awarded the Hanson Class total damages of $2,697,547.10 and costs of $8,056.49. The court also awarded Triem attorney's fees of one-third of the common fund recovered by the Hanson Class. During subsequent years, the Hanson Class judgment was partially satisfied through the release of a $1.8 million appeal bond and four additional partial payments.

---

[2] *Id.* at 1322-23. KTC "is a village corporation organized under the Alaska Native Claims Settlement Act (ANCSA)." *Id.* at 1322.

[3] *Id.* at 1323.

[4] *Id.* at 1322-23. As articulated in our July 2022 order, we emphasize that Fred Triem has no standing to assert this appeal on his own behalf. *See Triem v. Kake Tribal Corp.*, 513 P.3d 994 (Alaska 2022). Here, we address only Triem's arguments on behalf of Tagaban.

[5] *Hanson*, 939 P.2d at 1323.

[6] *Id.* at 1324.

[7] *Id.* at 1331.

## B.    The Hanson Class Vote

Over time, KTC shareholder opinions changed.  Burdened by class action debts, KTC had not only filed for bankruptcy but had also lost development opportunities.  In recent years the class voted to relieve KTC of its outstanding debt to the Hanson Class and moved the superior court to discharge the debt.

KTC and a Hanson Class member also petitioned to remove Clifford Tagaban as class representative and Fred Triem as class counsel, which Tagaban opposed.  The petition argued that their position in favor of maintaining the judgment debt was contrary to the interest of the Hanson Class, given the vote's outcome.  After an evidentiary hearing, the superior court issued a detailed order analyzing the facts and interests at stake.  Concluding that Triem and Tagaban no longer fairly and adequately represented the Hanson Class interests as required by Alaska Rule 23, the superior court ordered that Triem be removed as class counsel and that Tagaban be removed as class representative.

## C.    The Superior Court Approval

Three months after the vote, the Hanson Class moved the superior court "pursuant to Civil Rule 23(d)(1), to approve [the] Hanson Class vote to waive and forgive the remaining debt owed under the final judgment."  The motion noted that the Hanson Class voted "99.98% in favor of forgiving the remaining debt owed under the judgment" and therefore expressly "waive[d] any further claim to the amounts still ow[ed]."  It reasoned that "our people are living a life of subsistence and missing opportunities"; that "with the exception of Arlene Hanson we never started or agreed to the class action"; and that "it is no longer equitable that the 1998 judgment, which is over twenty years old, should have prospective application."  KTC joined the motion, urging that relief was "necessary to wind up the lengthy reorganization and litigation process which has hampered [KTC] for the last three decades and prevented it from developing business opportunities for the benefit of its shareholders and Kake residents."

Tagaban opposed. Among many other arguments, Tagaban largely contended that the superior court lacked subject matter jurisdiction, and alternatively that the superior court held no authority to provide relief from a judgment that we affirmed, particularly without a Rule 60(b) motion before it. He also argued that the motion for relief from judgment was untimely. Separately, Tagaban also had twice moved to enforce the final judgment. Like Tagaban's opposition, Tagaban's motion to enforce contended that the court lacked jurisdiction and that no Rule 60(b) motion had been filed. And the bulk of Tagaban's motion to enforce related to Triem's entitlement to an attorney's fees award from the class settlement common fund.

The Hanson Class representative replied to Tagaban's opposition. Among other arguments, the class representative questioned whether Tagaban truly represented any class members' interests or only Triem's, given that he cited no representations or affidavits from any class member seeking to oppose forgiveness of KTC's debt.

The superior court subsequently approved the Hanson Class's motion to forgive the debt and denied Tagaban's motion to enforce the judgment in two orders issued the same day. The court clarified that it considered all pleadings filed before it in reaching its decision to approve the class vote, notably including Tagaban's opposition and the Hanson Class's reply to Tagaban's opposition.

The court interpreted the Hanson Class's motion as one for relief from judgment under Alaska Civil Rule 60(b)(5). The court noted that the motion was brought less than three months after the class vote closed, which it deemed to be a reasonable amount of time. However, the court determined that KTC still owed Triem attorney's fees from the initial action and explained that "Triem shall be entitled to the same judgment creditor remedies and he shall be subject to the same conditions placed on those remedies . . . that the Hanson Class was entitled to."

But the court explained that Triem had already been paid much of his award, and ordered that "the parties and Triem shall file a numerical accounting of the remaining amount owed on the fee award, within two weeks." The order specified that

Triem had not as of that time rendered a full accounting, and that he needed to do so and to "provide the court with the specific orders that authorized him to recoup the full amount he kept to cover costs." The court's order noted that if Triem did not explain the difference between his pro rata fee award and the amount he retained, the court would deduct it from the fee award.

Denying Tagaban's motion to enforce the judgment, the superior court held that neither Triem nor Tagaban were real parties in interest under Alaska Civil Rule 17[8] and thus did not have the authority to bring the motion. The court held that the real party in interest was the Hanson Class as a whole, not any individual member. Along with rulings on Tagaban and Triem's standing, the court directly engaged with Tagaban's contentions raised in the motion to enforce the judgment including his position on the bankruptcy court reorganization plan and stipulation, the jurisdictional issues, and the issues related to payment of Triem's attorney's fees.

Triem then filed a second motion to enforce the judgment, purportedly on behalf of both Tagaban and the entire Hanson Class, which the court again denied. In this order, the court noted that "[t]he basis for [this] latest motion is dubious" since Triem no longer represented the Hanson Class, his "purported client Clifford Tagaban" was no longer class representative, and he had no authority as a real party in interest to enforce the final judgment in order to seek attorney's fees. And it observed that "before Triem can exercise any remedies the court would first need to determine what, if any, of the original attorney fee award remains owed by KTC to Triem." It explained that Triem had failed to provide a full accounting or indicate how much remained owed.

---

[8] "Every action shall be prosecuted in the name of the real party in interest." Alaska R. Civ. P. 17(a).

**D. This Appeal**

In this appeal, Tagaban continues to challenge the superior court's approval of the Hanson Class vote. We decided several issues in a July 2022 order.[9] In that order, we further observed that "the class's decision to release KTC from the debt may best be considered a settlement agreement pursuant to Alaska Civil Rule 23,"[10] as the Hanson Class had initially raised in its motion made under Alaska Rule 23(d). Given this, we solicited supplemental briefing on two narrow issues: first, whether the superior court should have interpreted the motion under Alaska Rule 23(d)-(e) instead of Rule 60(b) and if so, whether those requirements had been met; and second, and relatedly, whether Tagaban had standing to oppose and ultimately appeal the release of KTC's debt to the Hanson Class.[11]

## III. STANDARD OF REVIEW

We review "de novo issues concerning the interpretation of civil rules, 'adopting the rule of law that is most persuasive in light of precedent, policy[,] and reason.' "[12] "Issues of standing are also reviewed de novo,"[13] including "whether a party is a real party in interest under Alaska Civil Rule 17(a)."[14] We review the decision to grant relief from judgment under Alaska Civil Rule 60(b) for abuse of discretion.[15]

---

[9] *See Triem v Kake Tribal Corp.*, 513 P.3d 994, 998 (Alaska 2022).

[10] *Id.*

[11] *Id.* at 998-99.

[12] *Bravo v. Aker*, 435 P.3d 908, 912 (Alaska 2019) (quoting *Cooper v. Thompson*, 353 P.3d 782, 786 (Alaska 2015)).

[13] *Neese v. Lithia Chrysler Jeep of Anchorage, Inc.*, 210 P.3d 1213, 1217 (Alaska 2009) (emphasis omitted).

[14] *Savage Arms, Inc. v. W. Auto Supply Co.*, 18 P.3d 49, 52 (Alaska 2001).

[15] *See Princiotta v. Municipality of Anchorage*, 785 P.2d 559, 562 (Alaska 1990).

The abuse of discretion standard also applies to our review of approval of a class action settlement under Alaska Civil Rule 23(e).[16]

## IV. DISCUSSION

### A. We Assume, Without Deciding, That Tagaban Had Standing To Oppose The Class Vote Before The Superior Court.

As a threshold matter, we assume, without deciding, that Tagaban had standing to oppose the class vote before the superior court. As we articulated in our July 2022 order, Triem lacks standing in this appeal.[17] We requested supplemental briefing on whether Tagaban had standing in superior court to oppose the Hanson Class's motion to approve the vote, either as an unnamed class member under Alaska Rule 23(d)-(e) or as a real party in interest under Civil Rule 17.[18]

Without deciding whether either rule necessarily applies in this unique procedural context, we may assume that Tagaban's procedural rights to oppose were satisfied because the superior court received his opposition and sufficiently considered its merits in issuing its order. Upon the Hanson Class's motion to approve the class vote, Tagaban promptly objected in writing. The superior court carefully considered the opposition, which raised many of the same arguments now raised on appeal. The superior court addressed each of Tagaban's primary arguments, including the motion's timeliness and the court's authority to relieve KTC from a final judgment under Rule 60(b).[19] The superior court concluded in its related order on Tagaban's motion to

---

[16]   *Weiss v. State*, 939 P.2d 380, 386 (Alaska 1997).

[17]   *See Triem v. Kake Tribal Corp.*, 513 P.3d 994, 997-99 (Alaska 2022).

[18]   *Id.* at 998-99.

[19]   The court also thoroughly addressed affirming, accounting for, and paying any attorney fees that may still have been owed to Triem after approving the class vote. As in our July 2022 order, we reemphasize that the superior court protected Triem's attorney fees in approving the class vote and therefore Triem does not have standing to assert any appeal on his own behalf. *See id.* at 997 & n.12, 998 (noting a "general

enforce the judgment that Tagaban lacked standing to enforce the final judgment, but expressly considered Tagaban's opposition and in fact responded to his main arguments in its order on the Hanson Class's motion to approve the class vote.

We therefore assume, without deciding, that Tagaban had standing to oppose the class motion, and we conclude that the superior court satisfied any resulting obligation to consider Tagaban's opposition in reaching its decision on the motion.

**B.  The Superior Court Did Not Abuse Its Discretion In Approving The Class Vote.**

Because the superior court's consideration and decision as to the Hanson Class's request for release of its judgment against KTC under Alaska Civil Rule 60(b) satisfied the requirements of Alaska Civil Rule 23, we need not determine whether the request was better addressed under Rule 23 or Rule 60(b).  We observe no abuse of discretion in the superior court's decision granting the Hanson Class's motion, and we therefore affirm the order releasing the Hanson Class's judgment against KTC.

**1.  Both Alaska Civil Rules 23(d)-(e) and 60(b) grant broad discretion to the superior court.**

We begin by observing that Alaska Civil Rules 23(d)-(e) and 60(b) both grant the superior court broad discretion, including whether and how these rules apply.[20] We have not yet addressed whether Rule 23, which governs class actions, applies to post-judgment settlements or dismissal of class actions.  Two provisions could be

_____

prohibition against an attorney appealing the issue of attorney's fees") (quoting *Rose v. Alaskan Vill., Inc.,* 412 P.2d 503, 509 (Alaska 1966)); *cf. Dieringer v. Martin*, 187 P.3d 468, 477 (Alaska 2008) ("[T]he attorney is the real party in interest . . . to the extent the fee is later attacked." (quoting *In re Estate of Borrego*, 490 N.W.2d 833, 837 (Iowa 1992))).

[20]    *See* Alaska R. Civ. P. 23(d) (outlining several "appropriate orders" the superior court "*may*" make (emphasis added)); Alaska R. Civ. P. 23(e) (providing for notice of a proposed dismissal to be given "in such manner as the court directs"); Alaska R. Civ. P. 60(b) (offering reasons for which "the court *may* relieve a party . . . from a final judgment" (emphasis added)).

implicated here: Rule 23(d), which sets out the court's power to structure and control proceedings,[21] and Rule 23(e), which grants the court broad discretion to approve a dismissal or compromise of a class action with notice to all members of the class "in such manner as the court directs."[22]

Our concern regarding whether the superior court was required to apply Rule 23 in this context is to some extent alleviated by the broad terms of Alaska's Civil Rule 23 and by the discretion that rule places with the court. While most of Alaska Rule 23 closely parallels Federal Civil Rule 23, Alaska Rule 23(e) diverges. As adopted in 1976,[23] Alaska Rule 23(e) consists of one relatively brief sentence: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."[24] Meanwhile the current version of Federal Rule 23(e) is relatively lengthy, with multiple subparts detailing procedural requirements for the parties' provision of information to the court, the court's explanation of grounds for its

---

[21] *See* Alaska R. Civ. P. 23(d) ("Orders in Conduct of Actions. In the conduct of actions to which this rule applies, the court may make appropriate orders: (1) determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument; (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; (3) imposing conditions on the representative parties or on intervenors; (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly; (5) dealing with similar procedural matters. The orders may be combined with an order under Rule 16, and may be altered or amended as may be desirable from time to time.")

[22] Alaska R. Civ. P. 23(e).

[23] *See* Alaska Supreme Court Order No. 258 (Oct. 15, 1976).

[24] Alaska R. Civ. P. 23(e).

decision to give notice, approval of the proposal or settlement at issue, identification of any agreements made in connection with the proposal, and additional procedures granting class members new opportunities to object or be excluded.[25]

We have acknowledged that precedents interpreting Federal Rule 23 are particularly persuasive and informative in interpreting Alaska Rule 23 where there is "identical language in federal and Alaska class-action rules."[26] But comparing the precision that Federal Rule 23(e) requires and the latitude that Alaska Rule 23(e) permits, we find the language of the rules too distant for federal precedents to be particularly persuasive. And we do not interpret the Alaska Rule to include the same requirements as the much-revised federal counterpart and associated precedents.

Turning to the court's discretion under Rule 60(b), we note that Alaska's superior courts may set aside judgments sua sponte under Rule 60(b) in applicable circumstances, even if a party moves for relief from judgment using a different approach.[27] Here, the Hanson Class's motion to approve the class vote did not explicitly

---

[25]    *See* Fed. R. Civ. P. 23(e)(1)-(5).

[26]    *Barber v. Schmidt*, 354 P.3d 158, 160 (Alaska 2015); *see also Weiss v. State*, 939 P.2d 380, 386-87, 397 n.27 (Alaska 1997) (adopting federal standard of review for Rule 23(e) and approving of — but not mandating — trial court's use of the Federal Rule's seven-factor settlement fairness analysis; later observing that "federal authorities are instructive in interpreting" an Alaska rule modeled on its federal counterpart).

[27]    *See, e.g.*, *Pierce v. Pierce*, 949 P.2d 498, 500 (Alaska 1997) (explaining that "[e]ven if a party has not raised a party's misconduct as a basis to set aside a judgment on appeal, the court may set aside a judgment for this reason sua sponte to protect the integrity of the judicial process" under Rule 60(b)(3), which focuses on fraud and other misconduct (emphasis omitted)); *Fernandez v. Fernandez*, 358 P.3d 562, 564, 568 (Alaska 2015) (affirming lower court's discretion to rule under Rule 60(b)(6), which focuses on "any other reason justifying relief," and noting that "the trial court can grant a motion for relief from a judgment, order, or proceeding if it was based on a fraud on the court, even if a party's request for relief does not take the explicit form of

mention Rule 60(b); nor did KTC's motion to join. But the Hanson Class's argument that "it is no longer equitable that the 1998 judgment . . . should have prospective application" implicates the concerns underlying Rule 60(b)(5).[28] And the Hanson Class supported this argument by indicating that the class had voted to forgive the debt.[29] The Hanson Class also expressed that it "waive[d] any further claim to the amounts still owing under the 1998 judgment," further recalling the language of Rule 60(b).

Here, the Hanson Class moved for an approval of its class vote pursuant to Alaska Rule 23, while simultaneously raising concerns and using some language associated with Rule 60(b).[30] And the superior court's order proceeded under Rule 60(b), but with an analysis that speaks to concerns underlying Federal Rule of Civil Procedure 23(e)(2). In particular, the court considered the Class's contention that the proposal is equitable to the class overall, incorporated the Class's arguments regarding

---

a Rule 60(b)(6) motion"); *see also Juelfs v. Gough*, 41 P.3d 593, 597 (Alaska 2002) (construing motion regarding custody of former couple's dog as a Rule 60(b)(6) motion because language explaining that it was in the dog's best interests for one party to receive sole custody was "enough to warrant the trial court's action" even absent language specifically invoking the rule).

[28] This language directly parallels the language of Alaska Civil Rule 60(b)(5), by which a court may grant relief from "a final judgment, order, or proceeding" when "it is no longer equitable that the judgment should have prospective explanation."

[29] This analysis might differ if the Hanson Class had explicitly disclaimed Rule 60(b), as a separate class did by arguing that the rule did not apply to its underlying motion.

[30] The Hanson Class moved the court to approve the vote on debt forgiveness "pursuant to Civil Rule 23(d)(1)." But substantively, we note that the Hanson Class's motion could be situated within Rule 23(e). Throughout, it uses the language of approval of a dismissal or compromise, seeking "court approval of the Hanson Class's express intention to waive its remaining legal rights accorded them under the 1998 judgment," and "approval of the Hanson Class'[s] decision to relinquish any further interest in the judgment" in light of the Hanson Class's 99.98% vote "in favor of forgiving the remaining debt owed under the judgment."

the effectiveness of the proposed relief, and considered the terms of the involved attorney fee award. Observing the broad latitude the superior court is granted under both Rules 23(d)-(e) and 60(b), we now turn to examining whether the court's approach under Rule 60(b) caused it to neglect any Alaska Rule 23 considerations that could be said to undermine its treatment of the Hanson Class's motion for approval of its class vote and release of its judgment against KTC.

### 2. The superior court's decision satisfied the requirements of Alaska Civil Rule 23(d)-(e).

Assuming without deciding that Alaska Civil Rule 23 applied, we conclude that the court's Rule 60(b) analysis nonetheless satisfied Rule 23's requirements for considering and allowing the dismissal or compromise of a class claim.

### a. The notice was adequate under Rule 23(e).

First, we observe that the notice provided to class members of the proposed release of the Hanson Class's judgment was adequate under Rule 23(e). Tagaban has repeatedly contended that the Hanson Class received inadequate notice because KTC's materials did not state the precise dollar amount at issue. He urges that adequate notice must include "the monetary benefits, vel non, and the amount of the proposed settlement, what it would be worth to the [Hanson C]lass." Tagaban's argument is unpersuasive for two reasons. First, we have previously recognized that a Rule 23(e) notice need not state the precise dollar figure at issue in order to be deemed sufficient.[31] In *Weiss v. State* we reasoned that the notice in that matter "provid[ed] enough information for the class to evaluate the settlement and ma[de] the notice understandable to as many class members as possible," such that the notice was not

---

[31] *See Weiss*, 939 P.2d at 400-01.

oversimplified but "brief and reasonably clear to the minimally sophisticated layperson."[32]

Similarly, here the Hanson Class's failure to include a precise, updated dollar figure in its survey on whether to forgive the debt does not render the notice inadequate. The notice otherwise appears acceptably brief, clear, understandable, and not oversimplified.[33] It sufficiently informed the Hanson Class members of the financial interest at stake by indicating that "no more damages are due to the [Hanson C]lass members and that the remaining debt mostly makes up Triem's claimed 33.3% fee and what is due to [a separate] class." It also included the potential impact of forgiving the debt in a reasonably clear manner, including the business development opportunities for KTC that could benefit shareholders and the potential detriment if those opportunities were lost. And crucially, the notice's voting form was clear and intelligible, stating all interests at stake including "the Attorney Lien or any future Attorney Liens associated with the Hanson Class action Settlement and Kake Tribal Corporation 1999 Bankruptcy Plan" and with clear sections for shareholders to indicate their approval or disapproval. We thus conclude that the notice was adequate because it provided sufficient and reasonably clear information for the Hanson Class to understand and evaluate the settlement interests at stake in the agreement to release the debt.

Second, we are not persuaded by Tagaban's other arguments that the notice was procedurally flawed. Tagaban mistakes the procedural requirements for proper notice at this stage, suggesting that such notice must have included procedurally

---

[32]     *Id.* (quoting 2 HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS § 8.32 (3d ed. 1992)). That settlement notice was distributed broadly but challenged for, among other things, failing to "describe the value of the original Trust and the value of the . . . Settlement Trust" and for failing to "urge the class to 'consider the importance of cash to them.' " *Id.* at 400.

[33]     *See id.*

inapposite details relevant to an initial settlement agreement. Tagaban mistakenly asserts that proper notice required "a statement of the settlement consideration to be paid; a formula for distribution of the settlement fund; and the formula and method for distribution of attorneys; [sic] fees and expenses" such that "class members [could] calculate . . . their individual recoveries."[34] These suggested terms may be essential to conveying notice of an initial settlement agreement. But because the vote was to discharge the debt, we observe that under a Rule 23 analysis, the court's approval would be best construed as a dismissal or compromise under Alaska Rule 23(e), of which the court must provide notice "to all members of the class in such manner as the court directs." We note that some of the information required to provide adequate notice of the terms of an initial settlement may be unnecessary or make little sense at the later stage of a compromise or dismissal. We are not persuaded by Tagaban's arguments that the notice provided to class members was impermissibly flawed.

> **b. The approval was procedurally adequate under Rules 23(d) and (e).**

We further conclude that the superior court's approval of the Hanson Class's vote was adequate under Rules 23(d) and (e). Tagaban mistakenly contends that the approval was improper because KTC "did not seek approval of the court" before it sent out its survey. This argument is unavailing. No rule requires court approval, review, or supervision of parties' communication before the parties move the court to approve a dismissal or compromise.[35] Alaska Rule 23(e) simply requires that dismissing or compromising a class action must be approved by a court, as occurred here. Per Rule 23(e) the Hanson Class could not dismiss or compromise the class action

---

**34** *See id.*

**35** Here, it would be particularly convoluted for us to require the court to have approved the KTC survey before it was sent. This would require the court to pre-approve communication between a village corporation and its shareholders, even before receiving the parties' motion to approve a dismissal or compromise.

on its own, so it sought court approval in its motion. And the court satisfied at least this component of Rule 23(e) by its February 2020 order approving the Hanson Class's motion to forgive the debt based on the results of its vote.

Tagaban also claims that the court could not approve the class vote without first conducting a fairness hearing, claiming that a fairness hearing is a "universal requirement in all types of class action cases."[36] But under either Alaska Rule 23(d) or (e), this is incorrect.

Rule 23(d) does not require a fairness hearing. The Hanson Class moved the court to approve the vote on debt forgiveness "pursuant to Civil Rule 23(d)(1)." Presumably this refers to the portion of Alaska Civil Rule 23(d)(1) regarding the court's discretion to make orders "determining the course of proceedings." And Rule 23(d) does not establish a universal requirement or "duty" demanding a fairness hearing. Even the portions of Alaska Civil Rule 23(d) actually applicable to a fairness hearing are permissive, not mandatory: "the court *may* make appropriate orders . . . requiring . . . that notice be given *in such manner as the court may direct* to *some or all of the members* of any step in the action, or . . . the opportunity of members to signify whether they consider the representation fair and adequate."[37]

Likewise, Alaska Civil Rule 23(e) does not require a fairness hearing. Federal Civil Rule 23(e)(2) requires a fairness hearing before a court may approve a proposal that "would bind class members." The federal rule includes a relatively detailed list of topics the court must consider in determining whether the proposal is

---

[36] Tagaban supports his fairness hearing argument by citing a seemingly irrelevant provision of Rule 23(d) on adequacy of representation. But construing his argument liberally and in conjunction with the Hanson Class's filings resting on Rule 23(e), we consider both Rule 23(d) and (e) in our analysis of whether a fairness hearing was required.

[37] Alaska R. Civ. P. 23(d)(2) (emphasis added).

"fair, reasonable, and adequate."[38]  But Alaska Rule 23(e) does not.[39]  We have held that a trial court *may* in its discretion apply federal precedent in a fairness analysis under Rule 23(e).[40]  But we have declined to mandate any such analysis under Alaska Rule 23(e), which contains no list like that in the federal rule.

In sum, we conclude that the superior court adequately addressed Rule 23 considerations when it approved the Hanson Class's vote under Rule 60(b), and we hold that the court did not abuse its discretion in approving the Hanson Class's request to release its judgment against KTC.

## V.    CONCLUSION

We AFFIRM the superior court's order approving the Hanson Class vote.

---

[38]    Fed. R. Civ. P. 23(e)(2).

[39]    *See* Alaska R. Civ. P. 23(e).

[40]    *See Weiss v. State*, 939 P.2d 380, 397 n.27 (Alaska 1997) (citing discussion of fairness analysis under Federal Rule 23(e) and noting that "federal authorities are instructive" when interpreting state rule "modeled on its federal counterpart").